Argued February 13, affirmed March 12, 1970

# WARDEN, *Appellant, v.* NORTH PLAINS LUMBER COMPANY, *Respondent.*

466 P2d 620

*Nels Peterson,* Portland, argued the cause for appellant. With him on the briefs were Peterson, Chaivoe & Peterson, Portland.

*William L. Hallmark,* Portland, argued the cause for respondent. With him on the brief were McMenamin, Blyth, Jones, Joseph & Lang, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is a workmen's compensation appeal. The determinations of the hearing officer, Workmen's Compensation Board, and circuit court were the same. Before the circuit court claimant offered evidence "not obtainable at the time of the hearing." ORS 656.298 (6). The circuit court sustained objections to it, but received it under an offer of proof.

The two assignments of error are (1) that the court should have admitted for all purposes the evidence received under the offer, and (2) that it should have ordered compensation for temporary total disability and remanded the case to the hearing officer to provide for further medical care and treatment, or, in the alternative, it should have granted permanent total disability or increased the permanent partial disability award.

The facts and previous determinations are stated in the Memorandum Opinion of the trial judge, as follows:

"This is another workmen's compensation appeal under ORS 656.298. Claimant, a 21 year old millworker, was struck in the back by a piece of broken lumber on December 15, 1966. When his back continued to bother him, he sought medical attention. After going to two or three doctors, he ended up treating with the Bone and Joint Clinic. There he was examined by Dr. Harder. Thereafter

a laminectomy was performed by Dr. Groth January 24, 1967. Claimant's condition was declared stationary August 17, 1967.

"Upon the closing of the claim, the determination was made that he was entitled to temporary total disability to April 6, 1967, and temporary partial disability to September 5, 1967, together with an award for permanent partial disability equal to 45% loss of an arm by separation for unscheduled disability.

"From this, he appealed to the Hearing Officer on the question of whether or not he was entitled to further care and treatment, and further temporary compensation. He also asked for attorney's fees for unreasonable denial of compensation. The record shows that compensation was terminated by the carrier for the employer between June 27th and August 8, 1967. The carrier cross appealed on the ground that the 45% permanent partial disability award was excessive. The Hearing Officer ordered that the carrier pay additional compensation equal to 25% of the sum accrued between June 27, 1967, and August 8, 1967, as and for penalty for unreasonable refusal to pay compensation, and he was awarded attorney's fees under the statute. Otherwise the closing determination was affirmed except that the permanent partial disability award was decreased from 45% to 25% loss of an arm by separation for unscheduled disability. The claimant appealed and the Board affirmed the Hearing Officer in all respects.

"*From the Board's order the claimant appealed to this Court and put on additional testimony. This consisted of an examination by Dr. Groth on April 3, 1969,* [one week before the circuit court hearing] *a copy of the report of which was submitted as evidence.* The claimant also testified himself and presented evidence from two witnesses who were fellow employees of his.

"The claimant has long had a congenital heart condition, which complicates his situation, though,

of course, the heart problem long pre-dated the industrial injury. I see no need to review extensively the discussion of the heart condition which is found in the medical reports. I see no need also to engage in a lengthy review of the opinion of the Hearing Officer. Under *Coday,* 86 Or Adv Sh 751, of course, I am supposed to try this case de novo. Under *Romero,* 86 Or Adv Sh 815, I am 'entitled' to take into account the expertise of the administrative agency.

"The Hearing Officer gave careful, thorough attention to all aspects of the case. *None of the additional evidence presented at the time of the hearing persuaded me that his determination was erroneous.* Indeed, it seems to me it reflects a careful and sympathetic evaluation by him of the extent of claimant's disability. I believe his opinion fully recognizes the principle requiring the workmen's compensation act to be liberally construed.

"Accordingly, I see no reason to do anything other than affirm his order and that of the Board. The attorney for the carrier should submit an appropriate order." (Emphasis supplied.)

■ We do not sustain the first assignment of error because the parts of the circuit judge's opinion emphasized above clearly indicate that the additional evidence offered was considered by him for all legitimate purposes that it could have before he made his determination. The transcript shows that he remained in the courtroom and listened to all of it, and questioned Dr. Groth about his testimony and written report, which were the principal part of the offer of proof.

■ A review of the complete record convinces us that the successive determinations in the lower tribunals were correct. We do not agree with claimant's contention that they isolated the back injury and considered it alone, without considering the pre-existing

heart condition. There is substantial evidence in the record to sustain a statement the hearing officer made: that claimant suffered from a "severe lack of motivation." The end result of our appraisal of the evidence coincides with that of the Workmen's Compensation Board: that the congenital heart defect and low back defect, each, independently of the other, prevent claimant from engaging in strenuous labor. However, we think the evidence shows that the claimant could, if he would, learn to do other types of work without serious detriment from either defect.

Affirmed.